**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-1114-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Jose Luis Pita-Mota -1,<br>Juan Carreno-Gutierrez -3,<br>Felix Pita-Mota -4,<br>Jesus Rivera-Alvarado -5, | |
| Defendants. | |

Pending before the Court are Defendant Felix Pita-Mota's Motion in Limine re Arkansas Arrest (Dkt. # 137); Defendant Jesus Rivera-Alvarado's Response to the Government's Motion to Use Defendant's Drug Conviction as Substantive Evidence (Dkt. # 91); and Defendant Felix Pita-Mota's Motion to Sever Count 7 from Counts 1, 2 and 4 of the Superceding Indictment (Dkt. # 95).

For the reasons set forth at the Final Pretrial Conference, the Court deems that the previous Arkansas arrest in 2004 of Defendant Felix Pita-Mota and the same Arkansas arrest resulting in a conviction of Defendant Jesus Rivera-Alvarado are admissible to establish knowledge, intent and, at least in the case of Felix Pita-Mota, lack of mistake. The Court further finds that the facts related to the previous arrest and conviction meet the four part test for admissibility set out in Ninth Circuit law. See.,e.g, *United States v. Vo,* 413 F.3d 1010, 1018 (9th Cir. 2005) (quoting *United States v. Merhmanesh,* 689 F.2d 822, 832 (9th Cir.

1982); *United States v. Jones,* 982 F.2d 380, 382 (9th Cir. 1993). The evidence as offered is probative as to the elements of knowledge and intent and/or lack of mistake. The prior arrest is not too remote in time, and the evidence from the prior arrest is sufficient to support a finding that defendant committed the other act and, the act is sufficiently similar to the offenses charged.

Although there is some prejudice that may result from the admission of this evidence against the defendants, that prejudice does not substantially outweigh the probative value of the evidence as it relates to the knowledge, intent and lack of the mistake of the defendants. Further, a limiting instruction or instructions will limit the prejudice. The United States stipulates that the jury may be instructed that any facts arising from the Arkansas arrest may only be used to consider intent, knowledge and lack of mistake as it relates to Counts 1 and 2 and 4 of the Indictment and not as it relates to Count 7--the felon in possession charge against Felix Pita-Mota. This, and the fact that the presence of the gun in a previous drug trafficking arrest, as that may be used to infer knowledge and intent in this case, distinguishes the facts in this case from those set forth in *Rendon-Duarte.*

With respect to Felix Pita-Mota's Motion to Sever Count 7 from Counts 1, 2 and 4 of the superceding indictment, that motion is granted. It is true that the evidence relating to Count 7 felon in possession charge is in large part identical to the evidence relevant to Count 4. But, the Court is not satisfied that, having determined that the government can admit other act evidence against Defendant Felix Pita-Mota, a reasonable jury would be able to follow successive limiting instructions as against the same defendant. Further, as Pita-Mota points out, the evidence on the remaining felon in possession charge, can be quickly presented in case of the need of successive trials. *See, e.g., United States v. Nguyen,* 88 F.3d 812, 815 ((th Cir. 1996). Therefore,

**IT IS HEREBY ORDERED** that Felix Pita-Mota's Motion to Sever Count 7 from Counts 1, 2, and 4 of the Superceding Indictment is granted (Dkt. # 95).

**IT IS FURTHER ORDERED** that Felix Pita-Mota's Motion in Limine re Arkansas Arrest is denied (Dkt. # 137).

**IT IS FURTHER ORDERED** that Jesus Rivera-Alvarado's Objection to the Government's Notice of Intent to Introduce Other Evidence is also denied (Dkt. # 91).

DATED this 18th day of June, 2010.

_____
G. Murray Snow
United States District Judge